IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN and
MICHAEL J. BRODHEIM,

       Plaintiffs,                          No. CIV S-05-0830 LKK GGH P

   vs.

M. PEREZ, et al.,

       Defendants.                       ORDER

                                            /

          This 42 U.S.C. § 1983 action was initially filed on April 27, 2005 by Richard Gilman, a state prisoner proceeding pro se. Plaintiff subsequently paid the filing fee in full, and, thereafter, filed an amended complaint, this time with a co-plaintiff, Michael J. Brodheim, another state prisoner, in which additional defendants were named.

          Because the Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served," Fed. R. Civ. P. 15(a), this action proceeds at this point upon the amended complaint. An amended or supplemental complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Local Rule 15-220. Although the allegations

1    of this pro se complaint are held to "less stringent standards than formal pleadings drafted by
2    lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiffs will be required to
3    comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of
4    California.

5          Plaintiffs have also apparently served the May 23, 2005 action on their own and
6    prior to the requisite screening by this court pursuant to 28 U.S.C. § 1915A. They claim to have
7    received waivers of service from all defendants except defendant Schwarzenegger and ask the
8    court for assistance in serving this defendant. For the defendants' part, defendants Perez,
9    Blonien, DiNinni, Moore and Welch seek an extension of time to file a response and ask the
10   court to screen the amended complaint. Prior to screening the amended complaint; however, the
11   court, having determined that each plaintiff should proceed separately on his own claims, must
12   sever plaintiff Brodheim's claims from those of plaintiff Gilman.

13         The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added
14   by order of the court on motion of any party or of its own initiative at any stage of the action and
15   on such terms as are just. Any claim against a party may be severed and proceeded with
16   separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v.
17   Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

18         In the instant action, plaintiffs are individuals in the custody of the California
19   Department of Corrections, presently confined at California Medical Facility (CMF) - Vacaville.
20   In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se
21   presents procedural problems that cause delay and confusion. Delay often arises from the
22   frequent transfer of inmates to other facilities or institutions, the changes in address that occur
23   when inmates are released to parole, and the difficulties faced by inmates who attempt to
24   communicate with each other and with unincarcerated individuals.

25         Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff
26   Richard M. Gilman will proceed in this action (as he did originally in his initial filing), while

plaintiff Michael J. Brodheim will proceed in a civil action to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Although the filing fee has been paid in full, the court will afford each plaintiff the opportunity to request leave to proceed in forma pauperis. Although no further filing fee will be assessed to either plaintiff, should either seek to have this action served upon any party by the U.S. Marshal at the direction of this court, rather than be held responsible for serving this action entirely on his own, pursuant to Fed. R. Civ. P. 4, each must qualify for in forma pauperis status. See also, 28 U.S.C. § 1915(d). By this order, the court vacates its order, filed on July 13, 2005, in which it was not recognized that plaintiff Gilman had paid the filing fee.

Since the claims will be severed, each plaintiff will be given thirty days to file, in his own action, an amended complaint and an application for leave to proceed in forma pauperis, using the forms provided by the court with this order; however, as noted, there will be no additional filing fee required.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiff Michael J. Brodheim are severed from the claims of plaintiff Richard M. Gilman;

2. Plaintiff Richard M. Gilman shall proceed as the sole plaintiff in case No. CIV S-05-0830 LKK GGH P;

3. The Clerk of the Court is directed to:

    a. Open a separate civil action for plaintiff Michael J. Brodheim;

    b. Assign the new action to the district judge and magistrate judge to

whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the file opened for plaintiff Michael J. Brodheim;

    d. Place a copy of the amended complaint, filed May 23, 2005, in the file opened for plaintiff Richard M. Gilman;

    e. Strike from the caption of each plaintiff's complaint the name of the other plaintiff;

    f. Send each plaintiff an endorsed copy of his amended complaint bearing the amended caption and the case number assigned to his own individual action;

4. Each plaintiff's May 23, 2005 amended complaint is dismissed;

5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis By a Prisoner; and

6. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint and an application to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each amended complaint must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of his newly amended complaint. Failure to file an amended complaint in accordance with this order in each case will result in a recommendation that each plaintiff's action be dismissed. If each plaintiff files an amended complaint and each is found appropriate for service after the court has screened each, pursuant to 28 U.S.C. § 1915A, then failure to file an in forma pauperis affidavit will result in each plaintiff's being solely responsible for service of this action.

\\\\\
\\\\\

1    7. Plaintiffs' pending requests, filed on July 1, 2005, July 13, 2005 and July 20,
2  2005, are vacated as are those of defendants, filed on July 18, 2005, and this matter will proceed
3  as set forth by this order.
4  DATED: 7/26/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gilm0830.sev