IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,

    Plaintiff,      No. CIV S-05-1512 LKK GGH P

    vs.

LOUIE DININNI, et al.,

    Defendants.      ORDER

_____/

MICHAEL J. BRODHEIM,

    Petitioner,      No. CIV S-06-2326 LKK GGH P

    vs.

M. VEAL, Acting Warden, et al.,

    Respondents.      ORDER

_____/

    As noted in the May 14, 2007, Order, in these related cases, Case No. Civ-S-06-2326 LKK GGH P, the habeas matter is [still] proceeding, while in the civil rights action, Case No. Civ-S-05-1512 LKK GGH P, discovery had been stayed by an Order, filed on March 5, 2007. With respect to the civil rights action, the court noted in the May 14th Order that plaintiff had filed an amended complaint, discovery had been stayed and that any response to the amended

1

complaint would be due only upon further court order.

The habeas petition related to the civil rights action has undergone a significant evolution. <u>See</u> docket of Case No. Civ-S-06-2326 LKK GGH P. Currently, the court awaits a joint status report to be filed as of June 15, 2012, with respect to the final status of petitioner's grant of parole which occurred at a January 11, 2012, hearing before the Board of Parole Hearings.

The court will now require that as to the civil rights action, Case No. Civ-S-05-1512 LKK GGH P, in which there has been no activity for nearly five years, plaintiff must show cause why it should not be dismissed in whole or in part as duplicative of, or subsumed within, the class action in <u>Gilman v. Brown</u>, Case No. Civ-S-05-0830 LKK GGH, or simply dismissed as moot.

Accordingly, IT IS ORDERED that plaintiff show cause, within fourteen days, why the civil rights action, Case No. Civ-S-05-1512 LKK GGH P, should not be dismissed forthwith.

DATED: March 28, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
broa1512.ord2