IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,

    Plaintiff,                   No. CIV S-05-1512 LKK GGH P

    vs.

LOUIE DININNI, et al.,

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

MICHAEL J. BRODHEIM,

    Petitioner,              No. CIV S-06-2326 LKK GGH P

    vs.

M. VEAL, Acting Warden, et al.,

    Respondents.

_____/

        By Order, filed on March 29, 2012, plaintiff was directed to show cause, within fourteen days, why the civil rights action, Case No. Civ-S-05-1512 LKK GGH P, in which discovery has been stayed since March 5, 2007, and thus, in which there has been no activity for almost five years, should not be dismissed in whole or in part as duplicative of, or subsumed within, the class action in Gilman v. Brown, Case No. Civ-S-05-0830 LKK GGH, or dismissed simply as moot. See Order, filed on March 29, 2012, referencing Order, filed on March 5, 2007;

1

1   <u>Order</u> filed on May 14, 2007.

2   Plaintiff's response is that the gravamen of the instant civil rights action is whether Proposition [8]9,[1] which authorizes the California governor to reverse a decision, i.e., a parole grant, by the Board of Parole Hearings (BPH), enacted as article V, section 8(b) of the state's constitution long after plaintiff's conviction, constitutes an Ex Post Facto Clause violation as applied retroactively to plaintiff. Plaintiff's Response (Resp.), pp. 1-2. Plaintiff asserts that the question to be answered is one of a matter of degree in the parole context, the standard being whether there is a "significant" or "sufficient" risk of prolonged incarceration. <u>Id.</u> at 2, citing <u>Garner v. Jones</u>, 529 U.S. 244, 250[-51, 255-56], 120 S. Ct. 1362 (2000)("significant"); <u>Cal. Dept. of Corr. v. Morales</u>, 514 U.S. 499, 509, 115 S. Ct. 1597 (1995)("sufficient"); <u>Brown v. Palmateer</u>, 379 F.3d 1089, 1093 (9th Cir. 2004) (citing <u>Morales</u>); <u>see also</u>, <u>id.</u> at 1095 (citing <u>Garner</u>). Plaintiff then goes on to cite a number of cases (all but one a habeas case) for the principle that the ex post facto question must be answered on an individualized, case-by-case basis. <u>Id.</u>, citing <u>Richardson v. Pa. Bd. of Prob. & Parole</u>, 423 F.3d 282, 291 (3rd Cir. 2005); <u>Brown v. Palmateer</u>, 379 F.3d at 1095; <u>Fletcher v. District of Columbia</u>, 391 F.3d 250, 251 (D.C. Cir. 2004) (remanding, pursuant to <u>Garner</u>, civil rights action raising ex post facto challenge to a parole policy). Plaintiff herein argues that if, in the related habeas petition, the governor should reverse the parole grant, plaintiff would be best positioned to make his ex post facto claim and asks that the case not be dismissed until June of 2012 when the parole grant is due to become final, stating that then the action would be moot. Resp., at 3. Plaintiff also notes that the instant

\\\\\

\\\\\

---

[1] Plaintiff's counsel inaccurately refers to the proposition by which the governor was granted the authority in 1988 to reverse parole board decisions as Proposition 9, but it was Proposition 89 which was enacted as article V, section 8(b) of California's Constitution. Proposition 9, Marsy's Law, passed in 2008, amended Cal. Penal Code § 3041.5 to change the deferral period between parole hearings.

1  civil rights action was severed from Case No. CIV-S-05-0830 LKK GGH[2] by order, filed on July
2  27, 2005. Id.

3        The undersigned does not find plaintiff's contentions persuasive. As defendants
4  observe in a reply, the first amended complaint for which the court has long forestalled any
5  answer and stayed discovery, pending the outcome in the related habeas proceeding, seeks
6  injunctive and declaratory relief under 42 U.S.C. § 1983 for alleged due process and Ex Post
7  Facto Clause violations as well as for supplemental state law claims. Reply, p. 2, citing First
8  Amended Complaint, filed on April 24, 2007 (Docket # 47). Defendants are correct that
9  plaintiff's ex post facto claim, the claim which plaintiff contends is the primary one, is
10 duplicative of, and subsumed within, the Gilman class action. While plaintiff's claim was
11 severed from that of a pro se co-plaintiff when the action was initiated, the later class
12 certification of Gilman v. Brown, CIV-S-05-0830 LKK GGH, indisputably embraces plaintiff as
13 a class member.

14       The Gilman class is made up of:

15-17     California state prisoners who: "(I) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions."

18 CIV-S-05-0830, Docket # 182, p. 9.[3]

19       Petitioner, convicted of first degree murder and sentenced in 1982 to a term of 25
20 years to life (i.e., with the possibility of parole)[4] fits squarely within the parameters of the Gilman
21 class. In Gilman v. Brown, CIV-S-05-0830 LKK GGH, "the procedures used in determining

---

[2] Plaintiff's counsel, evidently inadvertently, erroneously identified the underlying case from which the instant action was severed as Case No. 05-0873. See Resp., p. 3.

[3] The Ninth Circuit affirmed the Order, certifying the class. See Docket # 258 in Case No. S-CIV 05-0830 LKK GGH.

[4] See related case, Brodheim v. Dickinson, Case No. 2:Civ-S-06-2326 LKK GGH.

3

suitability for parole: the factors considered, the explanations given, and the frequency of the hearings" are what is at issue.   Docket # 182 of CIV-S-05-0830, p. 7 [emphasis in original]. With respect to Claim 9[5] within the class action, which is an ex post facto challenge to Proposition 89, which, as noted, granted the governor the authority to reverse BPH decisions, the class is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 8, 1988." See Order, filed on April 25, 2011, at docket # 340 in Case No. 2:Civ- S-05-0830 LKK GGH.  Plaintiff unquestionably fits squarely within this class/subclass.

As a member plaintiff of a class action for equitable relief from prison conditions, plaintiff may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999); McNeil v. Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").  Respondent is correct that whether the claim becomes moot after the governor's decision is not what should be determinative for dismissal of this action.  Reply, p. 2. Rather, the particular facts of plaintiff's denial of parole, should that occur, would have to be determined in the related habeas matter, and the equitable relief sought by plaintiff by way of the civil rights action is foreclosed by plaintiff's indisputable membership in the Gilman class. Crawford v. Bell, 599 F.2d at 892-93

In a filing both belated and unsought by the undersigned in its show cause order, plaintiff has submitted a "sur-reply." Docket # 55.  Apparently eschewing his initial position that

---

[5] Referencing the [Corrected] Fourth Amended/Supplemental Complaint for Declaratory and Injunctive Relief, Docket # 175 of Case No. CIV-S-05-0830, pp. 14-15.

4

the gravamen of the amended complaint is an ex post facto challenge on his behalf to the provision which authorizes California's governor to reverse a BPH parole grant (a claim specifically encompassed within the <u>Gilman</u> class action), plaintiff attempts to backdoor an argument not raised in the original response (perhaps in light of the cogent contentions made by defendants in their response to plaintiff). Citing <u>Crawford v. Bell</u>, 599 F.2d at 893, for the premise that therein the Ninth Circuit found erroneous a trial court's sua sponte dismissal of a prisoner plaintiff's civil rights claims which went beyond the allegations subsumed within a class action, plaintiff now argues that the <u>Gilman</u> class action sets forth nine claims while plaintiff in the instant amended complaint sets forth twelve, emphasizing the sixth cause of action in the amended complaint, a claim which seeks to implicate state regulations governing parole suitability determinations, CAL. CODE REGS. tit.xv, § 2400 et seq., as unconstitutionally vague. Dkt # 55, pp. 2-3. What plaintiff fails to clarify, however, is why, should he believe that this claim is not already essentially included within the claims of the class action and that there is any potential for success for such a separate claim, it would not be most appropriate to seek leave to further amend or supplement the class action to embrace it specifically.

In another apparent last-ditch effort to keep this case alive pending the outcome of the plaintiff's [petitioner's] recent grant of parole by the BPH (<u>see</u> the related habeas), plaintiff states that he "is considering" seeking leave to amend to include an equal protection claim, which, he maintains, is also not part of <u>Gilman</u>. Of course, no proposed second amended complaint is included as plaintiff is still apparently mulling the question over. Therefore, the court cannot evaluate the possibly dubious merits of any such claim. Nor does plaintiff provide a reason, much less a convincing one, why, if such a claim might have any merit, he would not, as a class member, seek to include it as a claim in the <u>Gilman</u> class action.

Moreover, as to <u>Crawford</u>, the Ninth Circuit chiefly found erroneous the dismissal of those claims in the individual action for which the relief sought exceeded that sought in the class action. 599 F.2d 890 at 893. Plaintiff makes no showing whatever that the relief sought in

his individual action is not completely comprehended within the class action.  The Crawford court also noted the inherent power of the court, with due regard to judicial efficiency and economy and deference to another jurist previously handling a case covering the same issues, to refuse to permit continued litigation of the matter in its own court.  Id., at 892.  The court finds that plaintiff has not made an adequate showing of cause for this civil rights action to proceed.

Accordingly, IT IS HEREBY RECOMMENDED that the civil rights action, Case No. Civ-S-05-1512 LKK GGH P, be dismissed without prejudice to the ruling in the Gilman class.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
brod1512.fr